OPINION
Defendant-appellant Rex A. Hale appeals the September 19, 1996 Judgment Entry of the Guernsey County Court of Common Pleas which sentenced him on one count of involuntary manslaughter and one count of trafficking in marijuana. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE FACTS AND CASE
Appellant was indicted on November 12, 1995, for two counts of trafficking in marijuana arising out of acts occurring between June 27, 1995, and June 29, 1995. Thereafter, on December 15, 1995, appellant was indicted on three separate counts, including the involuntary manslaughter charge at issue herein, for acts occurring between November 17, 1995, and December 2, 1995.
On August 13, 1996, pursuant to plea negotiations, appellant entered a plea of no contest to one count of trafficking in marijuana and one count of involuntary manslaughter. The remaining counts of the indictments were dismissed. The trial court found appellant guilty of both counts. On September 16, 1996, the trial court sentenced appellant pursuant to the sentencing guidelines in existence prior to the effective date S. B. 2 and Am. Sub. S. B. 269 (July 1, 1996). Appellant did not object to the sentence at any time during the sentencing hearing. Appellant did not take a direct appeal from the convictions and sentences.
Appellant filed a motion for a delayed appeal. This Court granted the motion on February 2, 1998. Appellant assigns as error:
 I. THE TRIAL COURT ERRED BY FAILING TO SENTENCE THE DEFENDANT-APPELLANT ACCORDING TO THE LAW IN EFFECT ON THE DAY OF SENTENCING IN COMPLIANCE WITH THE DICTATES OF R.C. 1.58(B)
 II. DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES.
 I II
Because both assignments of error involve the same issue, we address them together.
Although the acts which precipitate the indictments and convictions at issue clearly occurred prior to the effective date of S.B. 2 and Am. Sub. S.B. 269, appellant's convictions and sentences were entered subsequent to the effective date.
In State v. Rush (July 7, 1997), Stark App. No. 96CA419, unreported, this Court analyzed the effect of the failure of the legislature to amend or appeal R.C. 1.58(B) when enacting S.B. 2 and Am. Sub. S.B. 269. Therein, we held the defendant was entitled to be sentenced according to the sentencing guidelines of S.B. 2 and Am. Sub. S.B. 269 because the sentence was rendered after the effective date of that statute even though the acts constituting the charges occurred prior to the effective date.
Upon review, we adhere to our holding in Rush.[1]
Accordingly, we sustain both of appellant's assignments of error.
The judgment of the Guernsey County Court of Common Pleas is reversed and the case remanded to that court for resentencing in accordance with our opinion.
By: Hoffman, P.J., Reader, J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the September 19, 1996 Judgment Entry of the Guernsey County Court of Common Pleas is reversed and this matter is remanded to that court for further proceedings in accordance with our opinion and the law. Costs assessed to appellee.
[1] We recognize this issue is presently pending in the Ohio Supreme Court under Case No. 97-1778.